# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-60106
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2023

Lyle W. Cayce
Clerk

Luis Fernando Solis Fernandez; Maria Guadalupe
Villalobos Hinojosa; Maria Yesica Solis Fernandez;
Maria Guadalupe Fernandez Martinez; Maria B. Solis
Villalobos; Lizbeth Solis Villalobos,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 493 258, A206 493 259,
A206 493 260, A206 493 261,
A206 493 262, A206 493 263

———————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Luis Fernando Solis Fernandez, his wife Maria Guadalupe Villalobos Hinojosa, their daughters Maria B. Solis Villalobos and Lizbeth Solis Villalobos; as well as his sister Maria Yesica Solis Fernandez and his mother Maria Guadalupe Fernandez Martinez (altogether hereafter "the family"), all natives and citizens of Mexico, petition this court to review the Board of Immigration Appeals decision dismissing their appeal of the immigration court's denial of asylum, withholding of removal, and relief under the Convention Against Torture. In seeking asylum, the family had to show that they belong to a cognizable social group, that there is a nexus between the persecution they suffered and a protected category, and that the government in Mexico "is either unwilling or unable to protect [them] from the persecution." *Lopez-Perez v. Garland*, 35 F.4th 953, 957 (5th Cir. 2022) (internal quotation marks and citations omitted).

As relevant here, the family argues that the BIA erred in concluding that they failed to show that the Mexican government was unwilling or unable to control the violence perpetrated against their family by another family over a water and land dispute. In light of the investigations, arrests, and prosecution by the Mexican authorities of attackers against the Solis family, substantial evidence supports the BIA's conclusion that the family failed to show that the Mexican government condoned or was unable to control the private violence against their family. *See Lopez-Perez*, 35 F.4th at 957; *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Because the issue of the Government's acquiescence or inability to stop the harm is dispositive of the family's asylum claims, *see Lopez-Perez*, 35 F.4th at 957, we do not address the family's further arguments as to their particular social group, political opinion, nexus, past

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

persecution, or likely future persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). The evidence in the record does not compel a conclusion contrary to the BIA's determination that the family failed to make the necessary showing for asylum. *See Bertrand v. Garland*, 36 F.4th 627, 632-33 (5th Cir. 2022); *Gozales-Veliz*, 938 F.3d at 224.

The family's failure to satisfy the asylum standard, *see Gonzales-Veliz*, 938 F.3d at 224, prevents them from satisfying the more stringent standard for withholding of removal, *see Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The family explicitly abandons any challenge to the denial relief under the Convention Against Torture.

The petition for review is DENIED.